**MELLING v. GORDON FORM LATHE CO.**

(District Court, N. D. Ohio, E. D.   August 26, 1926.)

No. 1626.

Patents ⬉114.

Plaintiff, in suit under Rev. St. § 4915, to compel issuance to him of patent for invention embodied in patent issued to defendant, *held* not to have established inoperativeness of defendant's apparatus or lack of patentable novelty therein (Comp. St. § 9460).

In Equity.   Suit by Herman W. Melling against the Gordon Form Lathe Company. Bill dismissed.

Chappell & Earl, of Kalamazoo, Mich., and Hull, Brock & West, of Cleveland, Ohio, for plaintiff.

Richey & Watts, of Cleveland, Ohio, and Bottum, Hudnall, Lecher & McNamara, of Milwaukee, Wis., for defendant.

WESTENHAVER, District Judge.   This is an action under section 4915, R. S. (Comp. St. § 9460), to compel the issue of a patent to plaintiff.   The invention in controversy is embodied in patent 1,542,803, issued June 16, 1925, to the defendant, as assignee of the inventors and applicants, Charles Gordon and Alfred W. Redlin.   The subject of the invention is certain improvements in forming lathes, designed and intended for the forming and turning of irregular or nongeometrical forms, particularly cam shafts of automobile engines.

The Gordon & Redlin application, on which defendant's patent issued, was filed July 19, 1920.   Melling's application was filed October 13, 1920.   An interference between those copending applications was declared, and three counts were formulated by the Primary Examiner to cover the common subject-matter of the two applications.   Of these counts, the first, now claim 29 of said patent, was suggested by the Primary Examiner, and the second, now claim 2, and the third, now claim 28, of said patent, were adopted from the Gordon & Redlin application.   After a prolonged controversy, including an appeal to the District of Columbia Court of Appeals, it was held and determined that Gordon and Redlin were prior inventors of the common subject-matter as embodied in said three counts, and the patent in question was passed to issue.   See Melling v. Gordon, 55 App. D. C. 278, 4 F.(2d) 945.

The record in this cause, as well as in the Patent Office, is exceedingly voluminous. The contending parties were at all times represented by competent counsel.   The controversy here, as well as in the Patent Office, was conducted with the utmost vigor, skill, and industry.   Able and elaborate briefs covering all aspects of the controversy have been submitted.   My best consideration has been given to all the questions of law and fact necessary to be considered and decided; but I shall, in this memorandum, state only my conclusions.

The record here is not distinguishable in any material respect from the record in the Patent Office.   There is no question of priority of invention in the usual acceptation of that term.   Gordon and Redlin had made their invention, reduced it to practice, and had constructed and put in operation a lathe embodying that invention, prior to Melling's first consideration of the subject.   It is conceded that Melling began work after having first seen and examined a Gordon & Redlin turning lathe.   In substance, plaintiff's contentions are that the Gordon & Redlin apparatus, as described in their specifications and illustrated in their drawings, is not an operative machine; that they were not entitled, on the basis of these disclosures, or of the apparatus constructed in conformity thereto, to make or have the claims embodied in the interference counts, for the reason that the patentable subject-matter thereof is disclosed only in Melling's application, and not by Gordon and Redlin; and, in the alternative, that, if the counts in interference are to be given a construction broad enough to read upon Gordon and Redlin, then all such counts were fully disclosed in the prior art, and are devoid of patentable novelty.

Melling moved to dissolve the interference upon these grounds, and all of the contentions now urged in support thereof were urged in the Patent Office and on appeal, and were fully considered by one or the other of the several officials or tribunals.   All of these contentions, upon a record substantially the same as the present record, were ruled adversely to the plaintiff by the Primary Examiner, the Law Examiner, and the Examiner of Interferences, and also, except as to the contention of patentable novelty, by the Board of Examiners in Chief, the Commissioner of Patents, and the Court of Appeals of the District of Columbia.   It is true, the Primary Examiner and the Law Examiner, when these rulings were made as to patentability, did not have before them all of the prior art patents now cited and relied on; but they did have before them, and fully considered, Montreuil, 701,217, Fellows, 499,977, and Walter, 578,088.   The other patents now relied on—*i. e.*, Brophy, 649,905, Ruston,

494,684, Diehl et al., 607,987, and Teal et al., 10,496—were, however, cited and made a part of the record before appeal to the Commissioner of Patents. A separate petition was also presented to the Commissioner of Patents to exercise his revisory power to review the action of the subordinate officials for refusing to dissolve the interference on the ground of lack of patentable novelty.

It was within the province of the Examiner of Interferences and the Board of Examiners in Chief, and of the Commissioner of Patents, to have re-examined the issue of patentability, as well as the other issues determined adversely to the plaintiff. If Hill v. Wooster, 132 U. S. 693, 10 S. Ct. 228, 33 L. Ed. 502, has the force and effect now contended, it was their duty to have done so. If, upon the record, including the prior art cited and relied on, patentable novelty was lacking in the counts in interference, construed broadly, no reason is perceived why these officials would have permitted an invalid patent to issue. The Court of Appeals of the District of Columbia, in disposing of said appeal, said, it is true, in their opinion, that they will not consider the question of patentability in the light of the prior art, because an inquiry of that nature is not open for their consideration on an appeal in an interference proceeding. No reason is perceived why this question is not as much open to them as it is to this court, if the principles of Hill v. Wooster are to be given the extensive application now asserted. Be that as it may, Montreuil is the citation most strongly urged and relied on. It is, in my opinion, the most pertinent of all the prior art, and, if patentable novelty is lacking in the counts in issue, construed broadly, as was done by the Patent Office officials, then novelty is not negatived by any of the other citations.

An examination of the Patent Office record persuades me that all of the considerations urged and relied upon were considered and ruled adversely. I cannot agree with counsel's contention that any of substantial merit were overlooked or ignored. The reasoning of the several opinions as to the several questions treated therein appears to me to be sound. Plaintiff is therefore in effect asking this court to overrule all the officials and tribunals who have had these questions under consideration, without presenting any substantially new or different evidence. Indeed, I regard the present record as more favorable to Gordon and Redlin than was the record considered by them. The additional evidence now presented clearly establishes not only the operative character of Gordon & Redlin's apparatus, so much debated in the Patent Office, but fully establishes its commercial practicability and acceptance in industry. No good reason is perceived to differ from the conclusions heretofore reached.

Likewise as to the contention of lack of patentable novelty in view of the prior art. At one stage or another, all of the pertinent prior art was brought forward, and the counts in issue were held patentable over the same. That art has again been considered by me. In my opinion, it does not deprive these counts of patentable novelty, even broadly construed, as was done by the Patent Office officials and tribunals. Even applying the principles of Hill v. Wooster, 132 U. S. 693, 10 S. Ct. 228, 33 L. Ed. 502, it does not appear to me that the interference should have been dissolved for want of patentable novelty.

The prior art will not be reviewed by me. In the first place, no useful purpose would be subserved by so doing, for I am not vain enough to believe that any counsel in the case will yield any view now held or expressed out of deference to any views that I might express. In the second place, I do not wish to go on record as holding that Hill v. Wooster justifies so broadening the issues in a suit under section 4915, R. S., as to make such a suit the practical equivalent of an infringement suit, in which all the defenses known to the patent law may be brought forward. In the third place, I am advised that an action is now pending, brought by defendant, charging infringement of patent 1,542,803 by the use of a Melling apparatus; and I deem it unwise to embarrass either party in the prosecution or defense of that action by expressions of opinion with respect to matters which can be more properly determined therein. It is in that action, rather than in this, that the proper scope of the three claims in question should be determined, as well as all questions of infringement.

For the foregoing reasons, plaintiff's bill will be dismissed, at his costs.