## FESSENDEN v. GENERAL ELECTRIC CO.

District Court, N. D. New York.
June 18, 1930.

Ezekiel Wolf, of Boston, Mass. (Miller & Hubbell, of Utica, N. Y., of counsel), for plaintiff.

Thayer Burgess, of Utica, N. Y. (Ernest F. Mechlin, of Washington, D. C., and Merrell E. Clark and Fish, Richardson & Neave, all of New York City, Edward S. White, of Washington, D. C., of counsel), for defendant.

COOPER, District Judge.

The defendant appears specially for the purpose of this motion, to dismiss the bill of complaint for lack of jurisdiction in this court. The bill of complaint is brought under section 4915, Rev. St. (U. S. Code, title 35, § 63, 35 USCA § 63).

The bill of complaint alleges that the plaintiff is a resident of Bermuda and the defendant is a resident of Schenectady in this district; and on June 28, 1922, the plaintiff filed an application for a patent entitled "High Tension Insulation," and that on September 27, 1927, the Commissioner of Patents adjudicated that the plaintiff interfered with the application of Frank W. Peek, Jr., assignor of the defendant, on two counts, identified as claims 33 and 34

in plaintiff's application and 12 and 17 of the application of Peek, which was July 26, 1921; that the plaintiff moved to amend the interference by having additional counts 3, 4, 5, and 6, and the applicant Peek moved to dissolve the interference as to all counts.

The plaintiff's motion to amend was denied and Peek's motion to dissolve the interference was granted; that the ground on which motion to dissolve was granted was that plaintiff's specifications and drawings failed to disclose the essential features of the counts 1 and 2 and counts 3, 4, 5, and 6 sought to be inserted by amendment.

Plaintiff thereupon alleges that his specifications and drawings do definitely disclose the essential features of the counts and the proposed claims; that the plaintiff has a patentable invention and is entitled to a patent according to his claim.

On the argument the plaintiff amended his bill of complaint over the defendant's objections by the insertion of paragraphs 17A and 17B, with leave of the court.

The specific grounds of this motion are that the bill of complaint fails to set up any cause of action against the defendant under section 4915. Section 4915, so far as applicable to this case, seems to give a remedy in a court of equity in two situations:

1. A refusal by the Commissioner of Patents to grant a patent upon proper application.

2. A decision by the Commissioner in an interference proceeding that one of the parties to the proceeding was an earlier discoverer and has a prior right to the patent which both claim.

A condition precedent to a suit in equity is an allegation that the plaintiff has not appealed to the Court of Appeals of the District of Columbia. Appropriate allegation to such effect is contained in the bill by amendment allowed on the argument of this motion.

In his brief, plaintiff contends that the action of the Patent Office in dissolving the interference proceeding on the ground that plaintiff's disclosure in his application did not support the claims of the application involved in the interference proceeding was a refusal to grant the patent to which plaintiff is entitled.

If so, the Commissioner of Patents is a necessary, if not the sole party defendant, and this court has no jurisdiction, as neither the plaintiff nor the Commissioner of Patents is a resident of this district.

On the argument plaintiff contended that the dissolution of the interference proceeding was equivalent to an award of prior right to the patent to the defendant and was such final decision or order, upon affirmance by the Board of Appeals, as gives this court jurisdiction of this action against the defendant, which is a resident of this district.

In form at least, the dissolution of the interference proceeding was not an award of priority, but was merely a decision that there should have been no interference proceedings because plaintiff was not entitled to the claims involved in the proceedings for lack of proper disclosure in the application. It is equivalent to a decision that plaintiff would not have been entitled to a patent on those claims had there been no interference proceeding. It is in no sense an award of priority to the defendant. It would seem that an award of priority necessarily involves the finding that each claimant has a patentable invention and the decision of priority gives it to the earlier inventor, were it not for Gowen v. Hendry (Cust. & Pat. App.) 37 F.(2d) 426. At any rate, an interference proceeding can be declared only when each applicant seems to be entitled to a patent, were it not for the other's application.

The interference proceeding is limited to the determination of priority of invention where there are contesting claimants. Allen v. U. S. ex rel. Lowry, 26 App. D. C. 8, 17, affirmed in U. S. ex rel. Lowry v. Allen, 203 U. S. 476, 27 S. Ct. 141, 144, 51 L. Ed. 281, where the Supreme Court said: "The statute is explicit. It limits the declaration of interferences to the question of priority of invention."

As there was no decision of priority of invention in the case at bar, the situation is the same as if there had been no interference proceeding.

Plaintiff can bring no suit against the defendant in this or any other court because of an attempt to have an interference proceeding followed by the dissolution thereof. His only cause of action is against the Commissioner of Patents on the assumption that the dissolution of the interference proceedings because of assumed lack of disclosure of the invention claimed is equivalent to a denial of the patent. Such action cannot be brought in this court for lack of jurisdiction.

The case of Butler v. Shaw (C. C.) 21 F. 321, has no real analogy. In that case

there was decision in the interference proceedings that Shaw had prior right to the invention. So in all the other cases between contesting inventors, that have been called to the court's attention, there was a decision in an interference proceeding in the Patent Office awarding priority to the defendant, whereupon the plaintiff brought his action under section 4915 against his successful opponent.

No case cited to this court holds that an unsuccessful applicant for a patent may bring a suit in a court of equity under section 4915 against one who was granted a patent unless there was an interference proceeding in the Patent Office in which the defendant was awarded priority. Under the statute it must be so.

In all other cases the remedy for wrongful withholding a patent must run against the public's representative, the Commissioner of Patents.

The motion to dismiss the complaint for lack of jurisdiction must be granted.

The plaintiff should have leave to amend.

Inasmuch as plaintiff's counsel has gone to Europe and the time of his return is unknown to the court, the defendant may have until twenty days after his return to serve an amended complaint, but no longer than October 1st.