AMERICAN CABLE CO., Inc., et al. v. JOHN A. ROEBLING'S SONS CO. et al.
No. 5748.

Court of Appeals of the District of Columbia.
Argued April 6, 1933.
Decided May 22, 1933.

Sol Shappirio, of Washington, D. C., and John H. Hilliard, of New York City, for appellants.

William L. Edmonston, of Washington, D. C., Cleon J. Sawyer, of New York City, T. A. Hostetler, of Washington, D. C., and J. W. Hazell, of New York City, for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a decree of the Supreme Court of the District of Columbia dismissing a bill in equity, filed under section 4915, R. S. (35 USCA § 63).

It appears that appellant Briggs was involved in two interferences in the Patent Office: Interference No. 58312, Briggs v. Sunderland v. Rairden v. Damon; and interference No. 58313, Briggs v. Rairden v. Damon. These interferences were dissolved on motions under rule 122, challenging the right of applicants to make the interfering claims, on the ground that they were unpatentable to any of the parties in view of the prior art. Briggs filed a motion to add certain counts under rule 109, which was also denied by the examiner of interferences, except as to two counts—20 and 24. From the decision of the examiner of interferences Briggs appealed to the Board of Appeals, where the decision of the examiner was affirmed. Relying upon that decision as a refusal of the patent, appellants brought the present action in the Supreme Court of the District.

It is well settled that the courts have jurisdiction over cases brought from the Patent Office only in ex parte cases where a patent has been refused by the Board of Appeals, and in inter partes cases where there has been an award of priority. The question here presented is whether or not an appeal would lie from the Board of Appeals affirming the dissolution of interferences and the denial of a motion to add additional counts. It is insisted that inasmuch as the decision is based upon the unpatentability of the claims involved, it is equivalent to a refusal of a patent within the meaning of section 4915.

We are not impressed with this contention. An interference proceeding is solely to determine the issue of priority, and the only final order that can be entered in such a proceeding is a determination of the question of priority. Motions to dissolve or to add counts go to the determination of whether or not the interference is properly declared. A decision, therefore, on such motion is purely interlocutory. In Carlin v. Goldberg, 45 App. D. C. 540, this court held as follows: "A motion to dissolve is interlocutory, and appeal will not lie to this court from an order thereon. The question of priority cannot be determined in proceedings purely upon the motion, for the elementary reason that, if the motion is denied, the soundness of the ruling is a question ancillary to the final judgment of priority, and may be considered on an appeal from the final order of priority (Podlesak v. McInnerney, 26 App. D. C. 399); while, if the motion be sustained, it ends the interference and no cause of action survives or exists upon which an order of priority can be based."

When the interferences were dissolved appellants were reinstated to the status of ex parte applicants as to all claims excepting the two which were allowed, and which are involved in the redeclared interference. The only action taken by the primary examiner was to redeclare the interference on the two claims. He has not rejected the claims excluded from the interference. Under rule 134 two rejections of appellants' claims are required before they will have the right to an ex parte appeal to the Board of Appeals. We cannot assume that a patent will ultimately be refused by the primary examiner since new evidence may be presented. In other words, a new case on the claims considered by the Board of Appeals in the interference may be made before the primary examiner,

and the primary examiner in that instance would not be bound by the decision of the Board of Appeals, since it acted solely·upon the motion to dissolve the interference.

 Under the procedure followed in the Patent Office, affidavits cannot be used on motion to dissolve, but may be used as to prior art, and on the question of patentability over the prior art. They will be considered by the primary examiner, and if rejected, a request may be made for reconsideration and argument, either with or without further affidavits; and only then in case of refusal to allow the claims by the primary examiner is there a case for ex parte appeal to the Board of Appeals.

The decree of the court below, dismissing the bill, reserved to plaintiffs the right, without prejudice, to further proceed with their cases in the Patent Office, and thus to have their rights, if any, properly protected.

The decree is affirmed, with costs.