**DRACKETT CO. v. CHAMBERLAIN CO.**

No. 2982.

District Court, W. D. Pennsylvania.

Jan. 30, 1935.

Murray & Zugelter, of Cincinnati, Ohio, and Green & McCallister, of Pittsburgh, Pa., for plaintiff.

Byrnes, Stebbins & Blenko, of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This is a bill in equity filed by the Drackett Company against the Chamberlain Company under the provisions of section 4915 of Revised Statutes, as amended (title 35, § 63, USCA), to review the action of the Commissioner of Patents in refusing trademark applications of the plaintiff upon the grounds that the marks sought to be registered were descriptive of the goods upon which the trade-marks were used, and hence not registerable. No award of priority as to the marks in question was made in the Patent Office, either to plaintiff or defendant. This action by the Commissioner was taken after opposition proceedings were filed in the Patent Office by the defendant.

Defendant has filed a motion to dismiss based on the allegation that this court is without jurisdiction of the cause under section 4915 of Revised Statutes, as amended, because relief which the plaintiff is now seeking could be granted only in a suit against the Commissioner of Patents, who has not been joined, contending that the Commissioner is a necessary, if not a sole, party defendant in such a proceeding.

We agree with the defendant that we are without jurisdiction in this case. It is only when there is an award of priority between two contesting applicants that this court could review the proceedings in the Patent Office under section 4915, in a suit by one applicant against the other. There was no such award in the instant case. The trade-marks sought to be registered were held to be nonregisterable by the Commissioner of Patents, therefore deciding against the claims both of the plaintiff and the defendant. In such circumstances, we hold that the Commissioner of Patents is a necessary party; the Commissioner not being a resident of this district, we are therefore without jurisdiction of the cause and must dismiss it.

The precise question at issue was decided by the District Court of the Northern District of New York, Fessenden v. General Electric Company, 10 F. Supp. 846, 6 Pat. Q. 1, holding that an unsuccessful applicant for a patent cannot bring suit in a court of equity under section 4915 against another who was granted a patent unless there was an interference proceeding in the Patent Office in which the defendant was awarded priority, and that in all other cases the remedy for wrongfully withholding a patent must run against the public's repre-

sentative, namely, the Commissioner of Patents. Applying that to the trade-mark case, we have here a case precisely analogous. Interference proceedings were filed by the defendant in this case, but no award of priority was made to the defendant by the Commissioner of Patents, and the registration of the trade-mark was refused solely because it was a nonregisterable mark.

The plaintiff has called our attention to the Case of Loughran v. Quaker City Chocolate & Confectionery Co., 296 F. 822, in our own circuit, contending that that case establishes the right of the plaintiff here to sue. There were cross-appeals where an actual trade-mark issued to one of the applicants, and the purpose of the action was the twofold purpose of compelling the trade-mark registration of one plaintiff and the cancellation of the trade-mark allowed by the Commissioner of Patents. That case is not parallel with this one, because here the mark was not awarded to either of the parties, the plaintiff or the defendant.

The motion to dismiss will be granted, and an order may be submitted accordingly.