DRACKETT CO. v. CHAMBERLAIN CO.

No. 5835.

Circuit Court of Appeals, Third Circuit.

Jan. 27, 1936.

Walter F. Murray and Murray & Zugelter, all of Cincinnati, Ohio, and Green & McCallister, of Pittsburgh, Pa., for appellant.

Byrnes, Stebbins & Blenko, of Pittsburgh, Pa. (William H. Parmelee, and Leslie C. Strickland, both of Pittsburgh, Pa., of counsel), for appellee.

Before DAVIS and THOMPSON, Circuit Judges, and DICKINSON, District Judge.

THOMPSON, Circuit Judge.

This is an appeal from a decree of the District Court for the Western District of Pennsylvania. The bill in equity was brought under Rev.Stat. § 4915, as amended (35 U.S.C.A. § 63), which provides:

"Whenever a patent on application is refused by the Commissioner of Patents, the applicant, unless appeal has been taken from the decision of the board of appeals to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided, in which case no action may be brought under this section, may have remedy by bill in equity, if filed within six months after such refusal; and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear."

This statute has been construed to apply to trade-mark cases. Baldwin Co. v. Howard Co., 256 U.S. 35, 39, 41 S.Ct. 405, 65 L.Ed. 816. The bill sets forth that the appellant filed applications in the patent office for registration of two trade-marks; that the applications were allowed by the patent office; that the appellee filed notices of opposition in the patent office; that the oppositions were sustained by the Examiner on the ground that the marks sought to be registered were descriptive of the goods upon which the trade-marks were used and therefore not the subject of registration; that appeals were taken to the Commissioner of Patents, who affirmed the decision of the Examiner; and that no appeal was taken from the decision of the Commissioner of Patents. The bill asked that the Commissioner of Patents be ordered to issue certificates of registration to the appellant. The appellee moved to dismiss and the District Court sustained the motion. It held that it was without jurisdiction of the cause under section 4915 because the Commissioner of Patents had not been made a party and that it could not get jurisdiction over him because he was a nonresident of the district within which the court was situate. It held further that it could not review the proceedings of the patent office under section 4915 inasmuch as there had been no award of priority between two contesting applicants. The Commissioner of Patents had held that the trade-marks were descriptive and therefore nonregistrable. There was, therefore, no occasion for him to decide whether the appellant or the appellee was entitled to priority. The Commissioner of Patents is an essential party in any contest concerning the descriptive character of the respective trade-marks in suit. That essential party defendant is lacking in the instant case and of necessity cannot be made a party defendant in a jurisdiction in which he is a nonresident. The appellee, on the other hand, is not an adverse party within the meaning of section 4915, since there was no ruling that the trade-marks belonged to it. The bill was properly dismissed for want of jurisdiction. American Cable Co. v. John A. Roebling's Sons Co., 62 App.D.C. 168, 65 F.(2d) 801. The decree is affirmed.