## COE, Commissioner of Patents, v. HOBART MFG. CO.

### CUNNINGHAM v. SAME.

Nos. 7221, 7222.

United States Court of Appeals for the District of Columbia.

Decided Jan. 30, 1939.

R. F. Whitehead, Solicitor, U. S. Patent Office, and W. W. Cochran, both of Washington, D. C., for appellant Coe.

Theodore A. Hostetler, of Washington, D. C., for appellant Cunningham.

Greer Maréchal of Dayton, Ohio, Lee B. Kemon, of Washington, D. C., and Lawrence B. Biebel, of Dayton, Ohio, for appellees.

Before GRONER, Chief Justice, and STEPHENS and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

Plaintiff, the Hobart Manufacturing Company, filed a bill in equity in the United States District Court for the District of Columbia, ostensibly under Tit. 35, § 63, of

the U.S. Code, 35 U.S.C.A. § 63 (R.S. § 4915), against Conway P. Coe, Commissioner of Patents, and Vincent W. Cunningham. The bill prayed that plaintiff and not Cunningham be adjudged entitled to a patent for improvements in a washing machine. It showed that the Patent Office had held interference proceedings, in which Cunningham's right to make the claims in suit had been questioned by plaintiff and upheld by the Office and priority had been awarded to Cunningham. It also showed that plaintiff is an Ohio corporation and Cunningham is a resident of Illinois.

The Commissioner of Patents moved to dismiss the bill as to him on the ground that he was not a proper party. Cunningham appeared specially, and moved to dismiss the bill because the Commissioner was not a proper party and because Cunningham was not within the jurisdiction of the court. Both motions were overruled, and special appeals to this court were allowed.

R. S. § 4915, 35 U.S.C.A. § 63, provides: "Whenever a patent on application is refused by the Commissioner of Patents, the applicant * * * may have remedy by bill in equity * * * and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear. And such adjudication, if it be in favor of the right of the applicant, shall authorize the commissioner to issue such patent on the applicant filing in the Patent Office a copy of the adjudication, and otherwise complying with the requirements of law. In all cases where there is no opposing party a copy of the bill shall be served on the commissioner * * *."

■ For the proposition that the Commissioner of Patents is a proper party, if not a necessary party, the Hobart Company relies on Fessenden v. General Electric Company, D.C., 10 F.Supp. 846, and Drackett Co. v. Chamberlain Company, D.C., 10 F. Supp. 851, affirmed, 3 Cir., 81 F.2d 866. Those cases hold that when an interference proceeding is terminated without a decision concerning priority, "the situation is the same as if there had been no interference proceeding;"[1] the rival claimant "is not an adverse party within the meaning of section 4915, since there was no ruling that the trade-marks belonged to it,"[2] and one claimant may not sue the other under Section 4915, but must sue the Commissioner of Patents. That doctrine is not pertinent here. Here the interference resulted in the award of priority to Cunningham. The fact that the Hobart Company, in the interference proceedings, questioned Cunningham's right to make the claims does not affect his status, or that of the Commissioner, as a party. Cf. Melling v. Gordon Form Lathe Company, D.C.N.D.Ohio, 14 F.2d 437.[3]

The Act of March 3, 1927 (44 Stat. 1394, U.S.C., Tit. 35, § 72a, 35 U.S.C.A. § 72a) provides that, in suits brought under Section 4915 in the District Court of the United States for the District of Columbia, "if it shall appear that there is an adverse party residing in a foreign country, or adverse parties residing in a plurality of districts not embraced within the same State, the court shall have jurisdiction thereof and writs shall, unless the adverse party or parties voluntarily make appearance, be issued against all of the adverse parties * * *."

■ It is contended that the Commissioner, if not a necessary party, is at least a proper and therefore an adverse party. But even if he were a proper party to a suit to review' his award of priority, we think he would not be "adverse" within the meaning of the statute. The Commissioner has not the slightest interest adverse to plaintiff; whether plaintiff or defendant gets a patent, the Commissioner neither gains nor loses. "To hold that the plaintiff by making a mere formal party a codefendant can compel the real defendant, the real party in interest, to come from any part of the United States and defend his rights in the District of Columbia would conflict with the general purpose of Congress as appears from the fact that ordinarily suits in the federal courts must be brought in the district in which the defendant resides." Standard Oil Company (Indiana) v. Pure Oil Company, D. C., 19 F.Supp. 833, 835; 28 U.S.C. § 112, 28 U.S.C.A. § 112.

■ Plaintiff, the Hobart Company, contends that it and defendant Cunningham are themselves "adverse parties residing in a plurality of districts" within the meaning of the Act of 1927. We cannot sustain the

---

[1] 10 F.Supp. 846, 847.
[2] 81 F.2d 866, 867.

[3] Appeal dismissed, 6 Cir., 22 F.2d 1015.

contention. We think the statute contemtemplates a plurality of parties adverse to the plaintiff. Had Congress meant, "if it shall appear that the plaintiff and defendant reside in different districts," Congress could easily have said so. Moreover, there was no occasion to allow suit in the District of Columbia whenever plaintiff and defendant reside in different districts. Suits under Section 4915 against a single defendant have regularly been brought in the district of the defendant's residence, and may well be brought there. There is no good reason why Cunningham should be compelled to come, and bring his witnesses, from Illinois to the District of Columbia in order to defend this suit. Before the passage of the Act of 1927, plural defendants who resided in different districts could not be sued under Section 4915 in any court, because they could not be served in any district. Armstrong v. Langmuir, 2 Cir., 6 F.2d 369; Armstrong v. De Forest, 2 Cir., 13 F.2d 438.[4] The Act of 1927 was passed to obviate this difficulty. Hazeltine Corporation v. White, 2 Cir., 68 F.2d 715, 717.

We think both motions to dismiss should have been granted.

Reversed.

---

[4] Certiorari denied 273 U.S. 734, 47 S.Ct. 243, 71 L.Ed. 865.