## MICHEL & PFEFFER IRON WORKS, Inc., v. ARISTON, Inc.

District Court, S. D. New York.
March 9, 1945.

J. T. Basseches, of New York City (Arthur E. Cooley and Henry Gifford Hardy, both of San Francisco, Cal., of counsel), for plaintiff.

William J. Graham and Murray & Parker, all of New York City (William J. Graham and Kenneth H. Murray, both of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

Defendant moves to dismiss the complaint alleging that it fails to state a claim against defendant upon which relief may be granted and for lack of jurisdiction for failure to name the Commissioner of Patents as a necessary party to the action.

The suit is based upon R.S. § 4915, 35 U.S.C.A. § 63, pursuant to which plaintiff seeks an adjudication entitling it to register a composite trade-mark, and as part of the relief sought desires "an order and decree requesting the Commissioner of Patents to issue and register plaintiff's said trade-mark."

The mark plaintiff attempted to register embodied the name "Ariston," and by reason of opposition by the defendant Ariston, registration was refused the plaintiff by the Examiner of Interference on the ground that Section 5 of the Trade-Mark Act of 1905, 15 U.S.C.A. § 85, bars registration in cases where the mark "consists merely in the name of an individual, firm, corporation, or association not written, printed, impressed, or woven in some particular or distinctive manner." In the proceedings before the Examiner of Interference the plaintiff was held to be the prior user of the proposed mark. An appeal was thereafter taken by plaintiff to the Commissioner of Patents only from that portion of the Examiner's opinion that denied registration. On August 24, 1944, the Commissioner of Patents affirmed the examiner of Interference. Neither party has appealed to the United States Court of Customs and Patent Appeals.

The courts have held that an action under R.S. § 4915 is permitted against an opposing party only where interference proceedings were had resulting in a ruling in favor of the opposer as to prior use. Drackett Co. v. Chamberlain Co., D.C.W. D.Pa.1935, 10 F.Supp. 851, affirmed 3 Cir., 81 F.2d 866, certiorari denied 299 U.S. 503, 57 S.Ct. 16, 81 L.Ed. 373.

In the instant case, however, prior use was found in favor of the plaintiff, not the defendant opposer.

The position of the defendant must be sustained under the authority of Drackett v. Chamberlain, supra. As stated by the Circuit Court in that case (81 F.2d 867):

"The appellee (defendant), on the other hand, is not an adverse party within the meaning of section 4915, since there was no ruling that the trade-marks belonged to it. The bill was properly dismissed for want of jurisdiction."

Under the circumstances, it is unnecessary to pass upon the question of lack of jurisdiction for failure to name the Commissioner of Patents as a necessary party.

The motion of the defendant must therefore be granted and the complaint dismissed. Settle order.