Leslie C. CASE

v.

**COMMISSIONER OF PATENTS AND TRADEMARKS and CPC International, Inc.**

Civ. A. No. 76–4516–Mc.

United States District Court, D. Massachusetts.

March 12, 1980.

Leslie C. Case, pro se.

Asst. U. S. Atty. Charles K. Mone, Boston, Mass., for defendant United States.

Edward F. Perlman, Wolf, Greenfield & Sacks, Boston, Mass., for defendant CPC International, Inc.

MEMORANDUM AND ORDER

McNAUGHT, District Judge.

Before the court are the motions of the plaintiff for summary judgment (F.R.Civ.P. 56) and of the defendant Commissioner of Patents and Trademarks to dismiss. Upon consideration of the memoranda and affidavits supplied, as well as the oral arguments advanced by the parties, for the following reasons I conclude that the former motion must be denied and the latter allowed. Herein I shall treat the motions in inverse order.

*Facts*

Plaintiff Leslie C. Case is an inventor who filed a patent application on March 9, 1967 which ultimately issued as Patent No. 3,510,471 on May 5, 1970. Defendant CPC International, Inc. is a Delaware corporation and the assignee of U.S. Patent Applications Nos. 606,596 and 105,684. Said applications were filed by one Hyman M. Molotsky on January 3, 1967 and January 11, 1971, respectively, and later were assigned to CPC.

Pursuant to 35 U.S.C. § 135(a), on April 26, 1973 the Office of Patent and Trademarks declared Interference Proceeding No. 98302 between the plaintiff's patent and CPC's application No. 105,684. The proceeding terminated in October 1976, resulting in an award of priority to CPC. It is this proceeding and ultimate award upon which plaintiff bases his complaint in the present action.

In his complaint, plaintiff alleges that the aforementioned Interference Proceeding was improperly declared and conducted, and further, that the Office of Patent and Trademarks acted "unlawfully" during the course of the proceeding. By virtue of this action, plaintiff Case seeks what he terms "judicial review of [the] Patent Office decision in the alleged Interference Proceeding No. 98,302" [Complaint, p. 1]. He desires that this court grant him declaratory and injunctive relief in the form of an order declaring the proceeding invalid and setting it aside, as well as monetary compensation for the damage he allegedly sustained as a result of the award of priority to CPC.

Plaintiff has moved for summary judgment in his behalf; and both defendants have voiced opposition. Additionally, defendant Commissioner of Patents and Trademarks seeks to have the action against him dismissed.

*Commissioner's Motion to Dismiss*

■ In a nutshell, the thrust of the Commissioner's motion and argument is that he is an improper party to the action and, therefore, it ought to be dismissed as against him. With this contention I must agree. Plaintiff contests the award of priority made by the Board of Patent Interferences in Interference Proceeding 98,302. He frames his request to this court as one seeking judicial review of that proceeding pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq.* and 35 U.S.C. § 135. Alternatively, he invokes the jurisdiction of 35 U.S.C. § 146. Plaintiff's initial attempts to have this court assume jurisdiction (i. e., pursuant to 35 U.S.C. § 135 and the Administrative Procedure Act) must fail. Section 135 is captioned "Interferences". It sets forth the rules governing the conduct of interference proceedings. It does not grant this court jurisdiction to review such interference proceedings. While the final paragraph does provide that "any discretionary action of the Commissioner under this subsection shall be reviewable under Section 10 of the Administrative Procedure Act," that provision is not operable in the case at bar.

The significant language of this paragraph in this regard is "*discretionary* action of the Commissioner under this *subsection*." The subsection of which this paragraph is a part, and to which presumably it refers, is subsection (c) of Section 135, which deals with agreements between parties to an interference proceeding, made in connection with, or in contemplation of, a determination of that proceeding. It mandates that a written copy of such an agreement be filed in the Patent and Trademark Office before the termination of the interference as between the said parties. Failure to do so renders any such agreement permanently unenforceable.

Concerning the Commissioner, subsection (c) further provides that "the Commissioner may, however, on a showing of good cause for failure to file within the time prescribed, permit the filing of an agreement or understanding during the six-month period subsequent to the termination of the interference as between the parties to the agreement or understanding." As I read the statute, it is this decision of the Commissioner to which the paragraph granting review pursuant to the Administrative Procedure Act refers. It is the only power of

the Commissioner granted in the entirety of Section 135 which is couched in terms of "may", rather than in terms of "shall". Nowhere in his complaint does plaintiff even mention this power. Even viewed in its light most favorable to the plaintiff, in substance, the complaint avers only that the interference proceeding in question was declared and conducted unlawfully and contrary to the internal rules of the patent office. The Commissioner's involvement in interference proceedings is limited by the provisions of Section 135 to the initial declaration of the proceedings and to the issuing of a patent to the applicant who is adjudged the prior inventor by the Board of Patent Interferences. The decision as to priority is strictly the province of the particular Board of Patent Interferences.

Even if the review paragraph of Section 135 could be read as referring to the entirety of Section 135, rather than to simply subsection (c), I would interpret the Commissioner's powers with respect to the interference proceeding itself as being mandatory rather than discretionary. Review under the Administrative Procedure Act, then, would not be available.

Insofar as Mr. Case invokes the jurisdiction of Section 146 of 35 U.S.Code, his complaint against the Commissioner states: "The Commissioner shall not be a necessary party. . . ." Furthermore, the case law is clear. *See Coe v. Hobart Manufacturing Co.*, 70 App.D.C. 2, 102 F.2d 270 (D.C. Cir. 1939), where the court held, in a suit by an Ohio corporation to obtain a patent as against an Illinois resident who was awarded priority in an interference proceeding, that the Commissioner of Patents is not an adverse party within this section [precursor to Section 146].

In the light of the foregoing, the motion of the Commissioner is granted. The case may proceed only as to defendant CPC International, Inc.

*Plaintiff's Motion for Summary Judgment*

Plaintiff's motion for summary judgment, as applied to the defendant Commissioner is denied, since the allowance of the motion to dismiss disposes of it as a problem.

 As to defendant CPC, plaintiff's motion for summary judgment is denied as there clearly are factual issues presented by the pleadings, some of which—for example, whether certain numerical limitations governing the proportions of the two chemical components omitted from Count I of the Interference were material or immaterial, and thus properly omitted from the court— are even admitted by the plaintiff to exist.