### RICHARDS et al. v. MEISSNER et al.

#### (Circuit Court, W. D. Missouri. September 11, 1908.)

#### No. 2,954.

1. PATENTS—SUIT TO OBTAIN PATENT—ISSUES AND PROOF.

A suit under Rev. St. § 4915 (U. S. Comp. St. 1901, p. 3392), to obtain the issuance of a patent to complainant, is subject to the ordinary equity rule that the evidence must be relevant to the issues made by the pleadings, which in such case can relate only to complainant's right to a patent, and he is not entitled to introduce proof to defeat defendant's right, as well as his own, by showing that because of the prior state of the art neither party was entitled to a patent.

2. SAME — QUESTIONS OF FACT — CONCLUSIVENESS OF DECISION OF PATENT OFFICE.

The decision of the Patent Office and the Court of Appeals of the District of Columbia in interference proceedings, awarding priority of invention to one of two applicants for a patent, is controlling as to such question of fact as between such parties in a subsequent suit brought under Rev. St. § 4915 (U. S. Comp. St. 1901, p. 3392), unless the contrary is established by evidence which carries thorough conviction.

In Equity. On final hearing.
See 162 Fed. 485.

E. Hayward Fairbanks, Wm. Steell Jackson, and Gage, Ladd & Small, for complainants.

Rector, Hibben & Davis and Frank Hagerman, for defendants.

SMITH McPHERSON, District Judge. This is a patent case, wherein both Richards, the complainant, and Meissner, the defendant, claim to be original inventor, and entitled to the patent. The Pneumatic Tool Company is an assignee of complainant, and the defendant Allen is the Commissioner of Patents. The alleged invention is of and relating to pneumatic hammers.

Richards filed his application in the Patent Office December 24, 1900, and Meissner filed his application six weeks before, or November 12, 1900. A party by the name of Clements had also filed his application, but by reason of a lack of diligence was dismissed from the proceedings now to be mentioned; and there were other parties with applications, who for one reason and another were dropped out. Under section 4904 of the Revised Statutes (U. S. Comp. St. 1901, p. 3389) interferences were declared, and the matter was heard before the examiner of interferences of the Patent Office. Much evidence was taken, resulting in a decision by that officer in favor of Meissner.

The case was then carried to the three examiners in chief, who decided the case in favor of Meissner. Then the case was carried to the Commissioner of Patents, who decided the case in favor of Meissner. Thereupon the case was taken under Act Feb. 9, 1893, c. 74, 27 Stat. 434, to the Court of Appeals of the District of Columbia, and that court decided the matter in favor of Meissner. At the conclusion of each of the four hearings written opinions were filed, now within the record in this case in this court.

Thereupon a bill of complaint was filed in this court under section 4915 of the Revised Statutes, which provides that, when a patent is refused a party both by the Patent Office and the Supreme Court of the District of Columbia (now the Court of Appeals), the applicant may have remedy by a bill in equity; the question being whether a patent should or should not issue to complainant. The answer is to the effect that Meissner is the original inventor, and sets forth fully the proceedings in the Patent Office and before the Court of Appeals. The evidence, which is voluminous, has been taken, and the case is now for final decree. But wholly outside of the pleadings an issue has been presented for decision, and it will first be considered.

It is said in argument, by reason of evidence taken by complainant in rebuttal, that owing to the prior state of the art a patent should not be issued to either Richards or Meissner. It is now contended, in effect, that in a patent case, owing to the interest the government and the people have in the subject-matter, pleadings are not necessary to form such issues. It is likewise in effect contended that a complainant, when in doubt as to his own case, can destroy the case of defendant by destroying his own by rebuttal evidence; that the general rule that the evidence must be relevant to the issues is said to not apply to a case under section 4915 of the Revised Statutes. If complainant had grounded his bill of complaint on this theory, and prayed for a decree to the effect that the hammer was not patentable, I apprehend that all lawyers would agree that such a bill would be vulnerable to a demurrer; and, when coupled with allegations such as are found in the bill of complaint herein, it will scarcely be said that such a bill would not be multifarious.

The evidence was taken in rebuttal over defendants' objections, pursuant to an order of Judge Trieber. The writer hereof ordered this evidence stricken out, but with directions, in the event of an appeal, should complainant be defeated, of having the evidence sent to the appellate court. And complainants' counsel still insist by argument that owing to other patents, and particularly the English patent to Lake, the defendant should have no patent—in other words, that all the litigation before the Patent Office and the Court of Appeals for the District of Columbia was a mere academic debate, and that in this court such shall be the decree.

Some of the authorities relied on by complainants will be noticed. Davis v. Garrett (C. C.) 152 Fed. 723, was on an application for a decree pro confesso, and the court ruled that, before granting a decree, the record made on the interference proceedings should be exhibited. Leslie v. Tracy (C. C.) 100 Fed. 475, was a case as to the

patentability of a machine; but the court found that. from the opinion of the Court of Appeals, the question of the patentability was before the court, and found to exist solely by reason of one matter, and Judge Kohlsaat, not being able to agree with that opinion, dismissed the bill. But he did not so decide on the evidence, but on questions of law.

The case of Hill v. Wooster, 132 U. S. 693, 10 Sup. Ct. 228, 33 L. Ed. 502, is relied on with confidence by complainants' counsel. That was a case of alleged interference of a matter so trivial and common and so well known as that, if a patent had been issued, it would have been held void on its face. The opinion shows that the trial court held Wooster to be entitled to a patent. From that decree Hill appealed, and over Wooster's objection there was a reversal, not because of the prior state of the art, but in the language of the opinion:

"We are of opinion that they [Hill and associates] are entitled to have the decree below reversed, on the ground that it was not a patentable invention to add a lower compartment to a box creamery on legs."

It is said that the authorities cited in the opinion in Thompson v. Boisselier, 114 U. S. 1, 5 Sup. Ct. 1042, 29 L. Ed. 76, are in aid of complainants' contention. But this is a mistake. Those cases show "that it is not the object of the patent laws to grant a monopoly for every trifling device which would naturally and spontaneously occur to any skilled mechanic or operator in the ordinary progress of manufactures." It is one thing for complainant to move to dismiss his own bill of complaint; but it is a very different thing to insist that by reason of matters not covered by the pleadings, on evidence first appearing in a so-called rebuttal by complainant, a decree on his motion shall be entered to the effect that neither complainant nor defendant has any rights under the patent laws.

Such a holding, in so far as I am advised, as yet has not been made by any court, and as it seems to me to be wholly illogical, and at war with the elementary rules of both pleading and evidence, of and concerning a patent which should be issued to either Richards or Meissner, and which could only be avoided by showing the prior state of the art, and showing that fact by evidence, and not by a reliance upon things of common knowledge and judicially noticed by the courts.

The voluminous evidence has been fully considered, with much labor because of its prolixity. Impeachments and contradictions on many immaterial matters make a great many pages. Many pages are devoted to what the practice once was, and what it now should be, before the Patent Office; and a large per cent. of the pages are with reference to points not at all pivotal as to the correct decision to be made. The arguments, while strong and powerful in many respects, yet some of them are subject to the criticisms to be mildly suggested, are quite vitriolic, and as though written with muriatic acid, instead of ink. The employés of the Patent Office it is said are poorly paid, and therefore the decisions are entitled to but little weight, while the Court of Appeals for the District of Columbia is a court of but little concern, if what I read in argument is to be given much weight. No complaint is made of all these things. They are mentioned as a partial

excuse by me for not earlier deciding this case, owing to the unnecessary pages I have been required to read and the labor required in separating the wheat from the chaff.

The evidence before the Patent Office and the Court of Appeals is in the record of this court. Additional evidence has been introduced, partly of the character of that above noticed, and partly of a cumulative character, and the question now is whether the results shall be changed by awarding the patent to Richards, instead of to Meissner. But for section 4915 of the Revised Statutes no one could doubt but that the decision of the Court of Appeals for the District of Columbia was the end of the litigation, because that court had jurisdiction of the subject-matter and of the parties thereto, who with their privies are now before this court litigating the same questions as in that court litigated; and the force of this is not lessened from the fact that there is no provision for an appeal from that court to the Supreme Court, because the right to an appeal is not a common-law right, but can only exist when expressly conferred by statute, so that the decision of the District of Columbia court is res adjudicata, except as controlled by section 4915 of the Revised Statutes. And that the bill in equity filed herein is not an appeal is conceded by counsel by both parties—by defendants' counsel by contending that the decree by the Court of Appeals of the District of Columbia is either in effect or practically conclusive, which could not be so if this proceeding is an appeal; and by complainants' counsel by insisting that the records and evidence in the other hearings are neither material nor competent in this proceeding, and by offering evidence as if the case were for the first time heard.

It is a rule well-nigh or quite universal in its application and enforcement that, when questions of fact are submitted for findings to an officer or tribunal, such findings of fact, when free from fraud, accident, or mistake, are conclusive, and cannot be modified or set aside by a court, provided always that the officer or tribunal had the statutory authority to make such findings pursuant to official duties. All the profession so understand the rule, and the cases are numerous and within the reach of all in which the rule has been enforced. And this rule is not lessened in its force by saying "that a mistake," to defeat such findings of fact, are erroneous or mistaken findings of fact. If that were so, then the rule itself would not exist, because it can be said, and will be said in all cases by the party against whom such findings were made, "were and are erroneous." The end of litigation is never satisfactory to the defeated party, and he says the final judgment was a "mistake." But the word "mistake" means as the same is used in equity jurisprudence.

It cannot be denied, nor is it earnestly contended, that either the Commissioner of Patents or any of his subordinates, or the Court of Appeals, erred in matters of law. The findings of fact are what are complained of, and they are sought to be avoided by impeachments, cross-examinations, and distance between clients and attorneys; and to both build up and to break down witnesses, loss of memory, as well as a better recollection, the greater the time, are presented by testi-

mony and arguments of counsel on both sides; and evidence which is entitled to weight, however, is only cumulative to that which was in the other proceeding; and such evidence, some of which is worthless, other entitled to some weight, and other cumulative to facts known in the other proceeding, comprise the evidence in the case now on hearing. Each side charges the other with delivering and presenting false testimony. And so it is as to both parties much can be said as to who was first in invention, as well as to the dates declared. That Meissner first filed is not disputed.

But this proceeding is not a trial de novo as on appeal in some jurisdictions, nor is it so removed from the other proceeding as that such other decisions can be cast aside as though of no force. This very question was before the Supreme Court in Morgan v. Daniels, 153 U. S. 120, 14 Sup. Ct. 772, 38 L. Ed. 657; and Justice Brewer, in writing the opinion, concluded all discussions when he wrote:

"It is something in the nature of a suit to set aside a judgment, and as such is not to be sustained by a mere preponderance of evidence. Butler v. Shaw (C. C.) 21 Fed. 321, 327. It is a controversy between two individuals over a question of fact, which has once been settled by a special tribunal intrusted with full power in the premises. As such it might well be argued, were it not for the terms of this statute, that the decision of the Patent Office was a finality upon every other matter of fact. In Johnson v. Towsley, 13 Wall. 72, 86, 20 L. Ed. 485, a case involving a contest between two claimants for land patented by the United States to one of them, it was said: 'It is fully conceded that when those officers [the local land officers] decide controverted questions of fact, in the absence of fraud, or imposition, or mistake, their decision on those questions is final, except as they may be referred on appeal in that department.' Upon principle and authority, therefore, it must be laid down as a rule that, where the question decided in the Patent Office is one between contesting parties as to priority of invention, the decision there made must be accepted as controlling upon that question of fact in any subsequent suit between the same parties, unless the contrary is established by testimony which in character and amount carries thorough conviction."

Believing as an original question that Meissner is entitled to the patent, but passing that by, believing that it cannot be said that the evidence of Richards makes such a showing which in character and amount carries thorough conviction that he is entitled to a patent, it follows that the bill of complaint should be dismissed.