**FOUR ROSES PRODUCTS CO. (FOUR ROSES MALT EXTRACT CO. Substituted) v. SMALL GRAIN DISTILLING & DRUG CO.**

Court of Appeals of District of Columbia.

Submitted November 13, 1928. Decided December 3, 1928.

Petition for Rehearing Denied December 15, 1928.

No. 2081.

Chas R. Allen, of Washington, D. C., for appellant.

Ernest Wilkinson, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDELL, Associate Justices.

ROBB, Associate Justice. Appeal from concurrent decisions of the Patent Office tribunals in a trade-mark opposition proceeding in which the mark "Four Roses" was refused registration to appellant on the ground of conflict with appellee's mark, which the Patent Office has found is used on goods of the same descriptive properties within the meaning of the Trade-Mark Act (15 USCA § 81 et seq.).

The Patent Office has found on convincing evidence that appellee was the first to adopt the arbitrary trade-mark here involved. Since the adoption of the Eighteenth Amendment appellee has applied this mark to a high-grade whisky which it has legitimately sold to the drug trade. On September 3, 1925, appellee applied for registration, which was subsequently granted. The mark is widely known and of great value.

On December 26, 1925, appellant applied for registration of the same mark for use on "malt syrup for beverage purposes in class 48: Malt beverages, extracts and liquors," alleging use since November 4th of the same year. The evidence discloses that appellant's "malt syrup" is intended for and actually used in making a home brew with a greater alcoholic content than that allowed by law.

We agree with the Patent Office that the goods of the respective parties are goods of the same descriptive properties within the meaning of the Trade-Mark Act. See John Sexton & Co. v. Schoenhofen Co., 50 App. D. C. 363, 273 F. 327; E–Z Waist Co. v. Reliance Mfg. Co., 52 App. D. C. 291, 286 F. 461; California Packing Corporation v. Halferty, 54 App. D. C. 88, 295 F. 229; Di Santo v. Guarneri, 57 App. D. C. 89, 17 F.(2d) 677.

The record discloses that appellant's labels carrying the mark have borne the words "Trade-Mark Reg. U. S. Pat. Off." The mark had not been registered, and of course appellant knew it had not been registered. That such a legend has some significance in the public mind is apparent. Manifestly, appellant intended to convey to the public the impression that the United States Patent Office had determined the question of the ownership of the mark; in other words, that appellant was its owner and that any other user on goods of the same descriptive properties would be an infringer.

In Levy v. Uri, 31 App. D. C. 441, this court ruled that the Patent Office should not recognize a property right in a mark, and grant it registration as a trade-mark, when the courts, upon the same facts, would decline to protect the mark, if registered, basing its decision, in part, upon the decision of the Supreme Court of the United States in Worden & Co. v. California Fig Syrup Co., 187 U. S. 528, 23 S. Ct. 164, 47 L. Ed. 282, wherein the court said: "When the owner of a trade-mark applies for an injunction to restrain the defendant from injuring his property by making false representations to the public, it is essential that the plaintiff should

not in his trade-mark, or in his advertisements and business, be himself guilty of any false or misleading representation; that if the plaintiff makes any material false statement in connection with the property which he seeks to protect, he loses his right to claim the assistance of a court of equity; that where any symbol or label claimed as a trade-mark is so constructed or worded as to make or contain a distinct assertion which is false, no property can be claimed on it, or, in other words, the right to the exclusive use of it cannot be maintained."

In Holzapfel's Co. v. Rahtjen's Co., 183 U. S. 1, 22 S. Ct. 6, 46 L. Ed. 49, it was held that no right to a trade-mark, which includes the word "patent" and which describes the article as "patented," can arise when there has been no patent. In Straus v. Notaseme Co., 240 U. S. 179, 36 S. Ct. 288, 60 L. Ed. 590, plaintiff's trade-mark, as registered, was a rectangle with a black band running from the left-hand upper to the right-hand lower corner; the upper and lower panels on the two sides of the band being printed in red. As used, it contained the word "Notaseme" in white script upon the black band, with the words "Trade-Mark" in small letters upon the white, and beneath the label was printed "Reg. U. S. Pat. Office." In fact, registration had been refused to the label with the word "Notaseme" upon it. The court said: "We agree with the Circuit Court that the plaintiff is not in a position to recover for an infringement of a registered trade-mark. The mark that it used held out to the public as registered in the Patent Office precisely the element that had been rejected there. It affirmed that the authority of the United States had sanctioned that for which that authority had been refused, and by grasping at too much lost all, so far as this case is concerned."

As we have many times observed, the trade-mark registration act was designed to prevent and not to promote misrepresentation. The Patent Office, therefore, would have been justified in refusing appellant's application, quite apart from the opposition of the appellee.

The decision is affirmed.

Affirmed.