**TOMLINSON OF HIGH POINT v. COE,**
Commissioner of Patents.

No. 7619.

United States Court of Appeals for the
District of Columbia.

Decided Oct. 27, 1941.

Howard Nelson Moore, of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

MILLER, Associate Justice.

Appellant is a manufacturer of furniture. It sought to register as a trade-mark the name *The Williamsburg Galleries.* Its trade-mark was at first held to be registrable, and was published in the Official Gazette of the Patent Office, November 3, 1936. On December 1, 1936, an opposition was filed to the registration by Colonial Williamsburg, Inc. Appellant in an appendix to its brief on this appeal incorporated a decision of the Examiner of Interferences on April 8, 1938, sustaining this

opposition.[1] Appellant also incorporated a decision of the Commissioner of Patents affirming the Examiner's. decision.[2] Appellant thereupon sued the Commissioner of Patents in the District Court of the United States for the District of Columbia. The opposer, Colonial Williamsburg, Inc., was not joined as a defendant. The District Court granted the Commissioner's motion to dismiss the complaint on the ground that he was not a proper party to the suit. That is the only question presented on this appeal.

Appellee contends that except in an ex parte case where the applicant is the only party involved, the Commissioner cannot be made a party to a proceeding under Section 4915, R.S.,[3] on account of his refusal to grant a patent or register a trade-mark. He argues that the language of the section which reads: "In all cases where there is no opposing party a copy of the bill shall be served on the commissioner * * *." means that where there is such an opposing party, then the Commissioner. was not intended to be served or to be a party; hence that, if he is made a party and served, the suit should be dismissed as to him.

■ The contention and argument are based upon the theory that when in an ex parte case the Patent Office refuses to grant a patent or to register a trade-mark, it acts in the public interest; but that in an inter partes case it acts in a quasi-judicial capacity and renders a decision adjudicating the rights of opposing parties. But no such line of distinction can properly be drawn.[4] Presumably, the Patent Office acts in the public interest in all cases, whether it grants or refuses a patent or a trade-mark registration.[5] Whether, in the present case, the Patent Office mistakenly accepted and registered appellant's trade-mark in the first place, or whether its later action in refusing registration was correct, presumably it was attempting to act in the public interest in each case. The fact that it acted correctly in the second case—if it did—because the opposer called its attention to the earlier mistaken action did not make the second decision any the less an action in the public interest than if the Patent Office tribunals had themselves first discovered the nonregistrability of appellant's trade-mark.[6]

■ The proceeding by bill in equity under Section 4915, R.S., is "a part of the application for the patent"[7] or for registration of the trade-mark. Accordingly, in the present case, appellant seeks relief which is properly sought under the provisions of Section 4915, R.S., i. e., a decree authorizing and directing the Commissioner of Patents to register its trade-mark.[8] Both the public interest and the necessities

[1] That decision reads in part as follows: "This term has been used by the opposer in connection with its affairs * * * and it is accordingly further held that the latter can qualify under the 'geographical' clause of Section 5."

[2] That decision reads in part as follows: "I am convinced that applicant's use of the trade-mark proposed to be registered would lead numerous members of the public to believe that applicant's furniture was in some way sponsored by opposer, and that opposer may thereby suffer injury."

See also, Colonial Williamsburg, Inc. v. Tomlinson of High Point, 40 U.S.P.Q. 563.

[3] 35 U.S.C.A. § 63.

[4] See Radtke Patents Corp. v. Coe, — App.D.C. —, 122 F.2d 937, decided June 30, 1941; and authorities cited in n. 52. See also, Veaux v. Southern Oregon Sales, Inc., D.C., 33 F.Supp. 605, 610.

[5] Grant v. Raymond, 6 Pet. 218, 241-243, 8 L.Ed. 376; Dr. Miles Medical Co. v. John D. Park & Sons Co., 220 U.S. 373, 401, 31 S.Ct. 376, 55 L.Ed. 502; Woodbridge v. United States, 263 U.S. 50, 55, 44 S.Ct. 45, 68 L.Ed. 159; Dennis v. Pitner, 7 Cir., 106 F.2d 142, 144, certiorari denied, 308 U.S. 606, 60 S.Ct. 143, 84 L.Ed. 507. Cf. Pennock v. Dialogue, 2 Pet. 1, 19, 7 L.Ed. 327; Vanore v. Improta, 58 App.D.C. 130, 135, 25 F.2d 918, 923; Four Roses Products Co. v. Small Grain Distilling & Drug Co., 58 App.D.C. 299, 300, 29 F.2d 959, 960. Cf. also, Veaux v. Southern Oregon Sales, Inc., D.C., 33 F. Supp. 605, 610; Townsend, The Protection of Intellectual Property at International Expositions, 2 Calif.L.Rev. 291, 302, 303; H. A. Toulmin, Jr., Invention and the Law (1936) 20.

[6] Four Roses Products Co. v. Small Grain Distilling & Drug Co., 58 App.D.C. 299, 300, 29 F.2d 959, 960.

[7] Gandy v. Marble, 122 U.S. 432, 439, 7 S.Ct. 1290, 1292, 30 L.Ed. 1223.

[8] Trade-Mark Act of February 20, 1905, 33 Stat. 727, 15 U.S.C.A. § 89; United States ex rel. Baldwin Co. v. Robertson, 265 U.S. 168, 179, 44 S.Ct. 508, 68 L.Ed. 962; Hygienic Products Co. v. Coe, 66 App.D.C. 98, 99, 85 F.2d 264, 265. See Pennzoil Co. v. Hercules Powder Co., 95 F.2d 339, 341, 25 C.C. P.A., Patents, 968, 970.

of the case require that the Commissioner be made a party when the issue to be determined is whether such relief shall be granted. The opposer could not act to carry out a decree granting such relief; and such relief should not be granted without opportunity for the Commissioner to present countervailing evidence; hence, the public interest cannot properly be served without the participation of the Commissioner.

■ Again, the language of the statute upon which the Commissioner relies is not satisfied in the present case. Appellant brought this suit against the Commissioner alone. In other words, there was no opposing party in the proceeding in the District Court from which this appeal was taken. A proceeding under that section is a new proceeding in equity.[9] It is not an appeal from the Patent Office decision.[10] The law requires in a case such as the present that service be made upon the Commissioner.[11]

We held recently in Radtke Patents Corp. v. Coe,[12] that the Commissioner's motion to be dismissed in that case should be denied. We did so on the theory that he was a proper party, because the issue of invention and patentability was necessarily involved.[13] In that case opposing parties were named, as such, in the complaint and, presumably, it was not necessary to serve a copy of the bill upon the Commissioner.[14] Nevertheless, he was a proper party.[15]

■ This is even more true in the present case. The fact that an opposer of the request for registration was named in the body of the complaint does not result in requiring that the suit be dismissed as to the Commissioner. Appellee relies upon the decisions of this court in Coe v. Hobart Mfg. Co.[16] and J. C. Eno v. Coe,[17] but those decisions do not support his contention. In the Hobart case, it was held that the Commissioner was not an "adverse party" within the meaning of the statute,[18] which permits suits to be brought under Section 4915 in the District Court of the United States for the District of Columbia, "if it shall appear that there is an adverse party residing in a foreign country, or adverse parties residing in a plurality of districts not embraced within the same State * * *." Plaintiff Hobart Company, an Ohio corporation, and defendant Cunningham, a resident of Illinois, were rival applicants for a patent. The Patent Office, in an interference proceeding, awarded priority to Cunningham. Hobart Company sued the Commissioner of Patents and Cunningham in the District of Columbia. Both moved to dismiss the complaint.

Justice Edgerton, speaking for the court in the Hobart case, pointed out that whether or not the Commissioner was a *proper* party he was not an *adverse* party within the meaning of the statute. Although the motion to dismiss was made on the ground that the Commissioner was not a proper party, that question was not decided. Justice Edgerton went on to observe that the Commissioner has not the slightest interest adverse to either rival claimant for a patent; whether one or the other gets a patent "the Commissioner neither gains nor loses." That is true, of course, in all cases arising under Section 4915. The Commissioner acts in the public interest; not to protect any interest of his which is adverse to a claimant.

■ In the Eno case, the question was not whether the Commissioner was a *proper* party but whether a rival claimant, whose application for registration of a trade-mark had been granted by the Patent Office, was an *indispensable* party. This court decided that he was; that the com-

---

[9] American Steel & Wire Co. v. Coe, 70 App.D.C. 138, 140, 105 F.2d 17, 19. See General Talking Pictures Corp. v. American Tri-Ergon Corp., 3 Cir., 96 F.2d 800, 812; Globe-Union, Inc. v. Chicago Tel. Supply Co., 7 Cir., 103 F.2d 722, 724; Nichols v. Minnesota Min. & Mfg. Co., 4 Cir., 109 F.2d 162, 166.

[10] Butterworth v. United States ex rel. Hoe, 112 U.S. 50, 61, 5 S.Ct. 25, 28 L. Ed. 656; Gandy v. Marble, 122 U.S. 432, 439, 7 S.Ct. 1290, 30 L.Ed. 1223.

[11] 35 U.S.C.A. § 63: "* * * In all cases where there is no opposing party a copy of the bill shall be served on the commissioner; * * *."

[12] —— App.D.C. ——, 122 F.2d 937, decided June 30, 1941.

[13] Hill v. Wooster, 132 U.S. 693, 698, 10 S.Ct. 228, 33 L.Ed. 502.

[14] Cf. 35 U.S.C.A. § 63.

[15] Gandy v. Marble, 122 U.S. 432, 439, 7 S.Ct. 1290, 30 L.Ed. 1223; Cleveland Trust Co. v. Berry, 6 Cir., 99 F.2d 517, 520.

[16] 70 App.D.C. 2, 102 F.2d 270, 271.

[17] 70 App.D.C. 337, 106 F.2d 858.

[18] Act of March 3, 1927, 44 Stat. 1394. 35 U.S.C.A. § 72a.

plaint should have been dismissed because of his absence;·and that the Commissioner in such a case could not be proceeded against alone as *sole* defendant. That decision, of course, must be limited to its own facts. In explaining the result reached, Justice Edgerton, speaking for the court, said: "* * * the validity of a patent or trade-mark cannot be litigated, as appellant seeks to do here, in a suit to which *its owner* is not a party."[19] [Italics supplied] In the present case, appellant was not "a dissatisfied party who has filed opposition to the registration of a trade-mark * * *." as was true in the Eno case; in the present case, unlike the Eno case, the record shows no registration of a trade-mark in favor of an adverse applicant or even an adverse application; in the present case, unlike the Eno case, the record shows no attempt to litigate the validity of a trade-mark "in a suit to which its owner is not a party." The record shows merely that registration of a trade-mark was first approved in favor of appellant, and thereafter, following opposition, registration was refused.

Our conclusion is supported, also, by the decision of the Circuit Court of Appeals for the Third Circuit in Drackett Co. v. Chamberlain Co.[20] In that case, as in the present case, there was no award by priority between two contesting applicants, but merely a determination by the Patent Office that the trade-mark was nonregistrable. The court held that the Commissioner of Patents was an essential party in a proceeding under Section 4915, thereafter commenced by the unsuccessful applicant; and that the opposer in the Patent Office was not an adverse party "within the meaning of section 4915, since there was no ruling that the trade-marks belonged to it."

In this connection it will be noted that Section 4915 contains no general limitation against suing the Commissioner. It speaks affirmatively as to when *service* must be made upon the Commissioner. It says nothing about the propriety of *suing* the Commissioner, even when there is an opposing party.[21] It is equally proper to join him as a party with others in proceedings under Section 9 of the Trade-Mark Act, into which has been integrated the practices and procedures of Section 4915. In sharp contrast are proceedings under Section 22 of the Trade-Mark Act[22] and under Section 4918, R.S.,[23] where, in each case, the Commissioner is not made a party.[24]

---

[19] 70 App.D.C. 337, 338, 106 F.2d 858, 859.

[20] 81 F.2d 866, 867. See also, Century Distilling Co. v. Continental Distilling Co., 3 Cir., 106 F.2d 486, where the same court said (page 489): "The Examiner of Trade Mark Interferences, and the Commissioner of Patents, on appeal, sustained the appellee's oppositions, and adjudged that the appellant's trade marks were confusingly similar to the appellee's admittedly prior registered trade marks."

"In this case·there was an opposing party. The defendant had filed an opposition to the registration of the contested trade marks before the Examiner of Interferences in the Patent Office. It had continued its opposition when an appeal was taken and prosecuted by the plaintiff to the Commissioner of Patents, who affirmed the decision of the Examiner of Interferences; and it also filed an answer to the proceedings in equity under Section 4915 before the court below." (Page 488.)

[21] Cf. United States ex rel. Baldwin Co. v. Robertson, 265 U.S. 168, 44 S.Ct. 508, 68 L.Ed. 962; American Steel Foundries v. Robertson, 262 U.S. 209, 43 S.Ct. 541, 67 L.Ed. 953; Vermont Farm Machine Co. v. Marble, C.C.D. Vt., 20 F. 117; Bernardin v. Northall,

C.C.D.Ind., 77 F. 849; Richards v. Meissner, C.C.W.D.Mo., 163 F. 957, appeal dismissed, 8 Cir., 178 F. 1004; Lewis Blind Stitch Co. v. Arbetter Felling Mach. Co., C.C.N.D.Ill., 181 F. 974. But cf. Gold v. Gold, C.C.S.D.N.Y., 181 F. 544, affirmed, 2 Cir., 187 F. 273.

[22] 15 U.S.C.A. § 102.

[23] 35 U.S.C.A. § 66.

[24] United States ex rel. Baldwin Co. v. Robertson, 265 U.S. 168, 181, 44 S.Ct. 508, 510, 68 L.Ed. 962: "The argument is made that section 9 should not be held to authorize the use of a suit in equity for all of the four cases in which appeals are provided to the Court of Appeals from the Commissioner and are unsuccessful, because by section 22 of the same act * * * there is a special provision for a remedy in equity where there are interfering registered trademarks. It is said this excludes the inference that such a remedy is also provided in section 9, on the principle expressio unius exclusio alterius. An examination of section 22 shows that it refers to an independent suit between claimants of trademarks both of which have already been registered. The Commissioner is not a party to such litigation but is subject to the decree of the court·after it is entered. It is just like

The law is, therefore, that the Commissioner is a proper party in all proceedings, properly brought under Section 4915, in which the public interest is involved because of the necessity of determining whether it is the duty of the Commissioner to grant a patent or register a trade-mark. In the present case he is a proper party and his motion should have been denied.

Reversed.

---

the proceeding in section 4918 to settle controversies between interfering patents already granted by the Patent Office. Section 9 of the Trade Mark Act is wider than section 22 in its scope. It includes one who applies for registration of an unregistered trademark which interferes with one already registered."