576

BARRON–GRAY PACKING CO. v. KINGS-
LAND, Commissioner of Patents.

No. 9634.

United States Court of Appeals
District of Columbia Circuit.

Argued June 10, 1948.

Decided Oct. 12, 1948.

Mr. Curtis F. Prangley, of Chicago, Ill., with whom Messrs. James Ballard Moore, of Chicago, Ill., and Charles L. Sturtevant, Jr., of Washington, D. C., were on the brief, for appellant.

Mr. Edwin L. Reynolds, United States Patent Office, of Washington, D. C., with whom Messrs. W. W. Cochran, Solicitor, United States Patent Office, and Walter J. Derenberg, United States Patent Office, both of Washington, D. C., were on the brief, for appellee.

Before EDGERTON, CLARK, and PRETTYMAN, Circuit Judges.

CLARK, Circuit Judge.

This is a proceeding under R. S. Section 4915.[1]

It is agreed by both parties in the case that the sole question presented by this appeal is whether the successful opposer in a Patent Office trade-mark opposition proceeding is an indispensable party to a subsequent § 4915 action brought in the District Court against the Commissioner of Patents alone after the Commissioner had denied registration of the applicant's mark on the ground of confusing similarity to the opposer's registered trade-mark.

The trial court dismissed the proceeding on the ground that the successful opposer in the Patent Office was an indispensable party and that therefore a suit against the Commissioner alone was fatally defective.

The facts in the case are simple and undisputed. Appellant adopted and began to use as sole and exclusive owner thereof two trade-marks for canned fruit juices consisting of pictures of animated apricots and prunes. The Commissioner at first held these trade-marks to be registerable and they were published in the Official Gazette of the United States Patent Office on December 24, 1940.

Thereafter, opposition to this registration was filed in the Patent Office by Bruce's Juices, Inc., a Florida corporation, claiming that appellant's trade-marks are similar to its own registered marks. Appellant filed answers to such oppositions and, thereafter, the Assistant Commissioner of Patents rendered a decision holding that some likelihood of confusion might exist

[1] 16 Stat. 205, Act July 8, 1870, as amended, 35 U.S.C.A. § 63.

in the concurrent use of appellant's trade-marks and the opposer's marks.

Appellant filed a bill in equity under § 4915 in the District Court alleging that its trade-marks are not confusingly similar to those of Bruce's Juices and that appellant's marks are not calculated to deceive or confuse the public.

The Commissioner filed an answer traversing the allegations of the bill and alleging that the trade-marks of the two competitors were confusingly similar. The Commissioner also filed a motion to dismiss on the ground that the opposer in the Patent Office was an indispensable party. The District Court sustained the motion to dismiss and this appeal followed.

■ The question as to who are "proper" parties and who are "indispensable" parties in a proceeding brought under § 4915 is admittedly a difficult one. But the Congress, in enacting the applicable statute obviously intended that the applicant should have a right of access to the courts if his application was rejected. Since the applicant has no power to compel the appearance of a non-resident opposer in a District of Columbia court unless the opposer chooses to appear and intervene, if it be held that the opposer is an indispensable party, as the District Court has held in this case, it is obvious that the right of access intended by and provided for by Congress cannot be exercised except by sufferance. On the other hand, the Commissioner of Patents cannot be sued outside the District of Columbia without his consent. It is thus apparent that the net result of ruling that the non-resident opposer is an indispensable party to a 4915 action brought in this jurisdiction against the Commissioner alone would be to completely defeat the intent of Congress to afford the unsuccessful applicant for a trade-mark adequate access to the courts. We cannot condone such a result.

This question has been before this court in various forms several times and in none of these decisions is there anything to afford the slightest comfort to the contentions of appellee. See Alexandrine v. Coe, 1934, 63 App.D.C. 227, 71 F.2d 348; Thorne,

Neale & Co., Inc. v. Coe, 1944, 79 U.S.App. D.C. 122, 143 F.2d 155; and Speed Products Co., Inc., v. Tinnerman Products, Inc. and Kingsland, 83 U.S.App.D.C. 243, 171 F.2d 727. In the Speed Products case, the latest pronouncement of this court on the subject, we held expressly that the District Court does have jurisdiction to proceed against the Commissioner alone in a suit brought under § 4915.

The case, however, which seems to us squarely in point and based on sound reasoning and sound legal practice is the case of Tomlinson of High Point v. Coe, 1941, 74 App.D.C. 364, 123 F.2d 65. There, as here, the appellant sought to register as a trade-mark a certain name. There, as here, the mark was first held to be registerable and there, as here, the Examiner of Interferences filed an opinion sustaining the opposition. There, as here, the Commissioner affirmed the decision of the Examiner. There, as here, the applicant brought suit in the District Court under § 4915 naming the Commissioner alone as defendant and not joining the opposer. There, as here, the District Court dismissed the action and there, as here, the dismissal was appealed to this court. And there, as here, as will presently transpire, the action of the District Court was reversed.

While it is true that in the Tomlinson case the contention of the Patent Office was that the Commissioner was not even a proper party, the opinion of the court by Justice Justin Miller clearly takes cognizance of the fact that the Commissioner was the sole defendant and that the opposer was not named as party defendant.

Justice Miller, speaking for the court in that case, said: "The proceeding by bill in equity under Section 4915, R. S., is 'a part of the application for the patent' or for registration of the trade-mark. Accordingly, in the present case, appellant seeks relief which is properly sought under the provisions of Section 4915, R. S., i. e., a decree authorizing and directing the Commissioner of Patents to register its trade-mark. Both the public interest and the necessities of the case require that the Commissioner be made a party when the issue to be determined is whether such relief shall

be granted. *The opposer could not act to carry out a decree granting such relief; and such relief should not be granted without opportunity for the Commissioner to present countervailing evidence; hence, the public interest cannot properly be served without the participation of the Commissioner."* [Italics supplied.] 123 F.2d at pages 66, 67.

Since, as has been noted, the Commissioner cannot be sued outside the District of Columbia without his consent, to hold that the opposer is an indispensable party is clearly to defeat the purpose of the statute.

The Commissioner, through his counsel, professes that he has no interest one way or the other in the outcome of this appeal except that he desires that the matter be cleared up and settled by this court.

In order, therefore, that there may be no dispute as to the holding of this case, we hold that the opposer is a proper but not an indispensable party in such an action under § 4915 and thus that the dismissal of this action by the District Court was improper, based, as it was, on the erroneous ground that the opposer in this case was an indispensable party. The rights of the opposer may be fully protected by his intervention if he desires to do so but the rights of the appellant should not be defeated by reason of the failure or refusal of the opposer to appear.

The judgment is, therefore, reversed and the case remanded for trial on the merits in accordance with this opinion.

Reversed and remanded.

Judge EDGERTON, concurs in the result only.