## LANOLIN PLUS COSMETICS, Inc. v. BOTANY MILLS, Inc.

### No. 9986.

United States Court of Appeals
Third Circuit.

Argued Nov. 8, 1949.

Decided Nov. 18, 1949.

James R. McKnight, Chicago, Ill. (Robert C. Comstock, Chicago, Ill., and Kennard N. Ware, Philadelphia, Pa., on the brief), for appellant.

No oral argument for appellee (Ranzenhofer & Pasternack, Passaic, N. J., Clifton Cooper, New York City., on the brief).

Before MARIS and GOODRICH, Circuit Judges, and CLARY, District Judge.

MARIS, Circuit Judge.

This is an appeal from a judgment of the District Court for the District of New Jersey dismissing for lack of jurisdiction a complaint filed by the plaintiff, Lanolin Plus Cosmetics, Inc., against the defendant, Botany Mills, Inc., under § 4915 of the Revised Statutes, as amended, 35 U.S.C.A. § 63.

The controversy originated in the Patent Office. The present plaintiff's predecessor filed application Serial No. 479,141 under the Trade-Mark Act of 1905, 33 Stat. 724, to register the trade mark "Lanolin Plus" for cosmetics, with the word "Lanolin" disclaimed. The proposed trade-mark was passed by the Patent Office for publication whereupon the present defendant filed an opposition to its registration upon the ground that the proposed trade-mark was merely descriptive of the plaintiff's goods and was accordingly not registrable under the act. The Examiner of Interferences sustained the opposition and the plaintiff appealed to the Commissioner of Patents.

Before the Commissioner it was asserted by the plaintiff that the opposer had no right to maintain its opposition even if the proposed trade-mark was descriptive since no damage could result to it from the registration. In his opinion the Commissioner stated that since the opposer marketed both lanolin and lanolin cosmetics it would seem that the registration of a descriptive term in connection with such products must be presumed to damage it. Accordingly he held that there was a sufficient showing of damage to support the defendant's opposition to the registration. The Commissioner went on to say: "that even though no damage to opposer were shown it would be the duty of the Patent Office, when the descriptive nature of the mark has been called

to its attention to refuse registration as an ex parte matter, and that I agree with the Examiner of Interferences that, irrespective of the rights of the parties in the opposition proceeding, the applicant would not be entitled to registration of its mark." The decision of the Examiner of Interferences was accordingly affirmed. 76 U.S. P.Q. 618.

The present plaintiff thereupon filed a complaint in the District Court for the District of Columbia under § 4915, R.S., against the Commissioner of Patents and Botany Mills, Inc. to compel the registration of the trade-mark. Nine days later it filed the complaint now before us in the District Court for the District of New Jersey also seeking to compel the registration of the trade-mark. In this suit it named Botany Mills, Inc. as sole defendant. In the suit brought in the District of Columbia the present defendant, Botany Mills, Inc., was served extraterritorially in the District of New Jersey. It thereupon filed a motion to quash the return of summons and to dismiss the complaint for lack of jurisdiction. The Commissioner of Patents also filed a motion to dismiss for lack of jurisdiction. Both motions were granted by the District Court for the District of Columbia and the complaint in that court was dismissed as to both defendants for lack of jurisdiction. From the judgment of dismissal so entered the plaintiff appealed to the Court of Appeals for the District of Columbia. Its appeal in that court is presently pending awaiting argument.

In the second suit, the one now before us, the defendant also moved to dismiss the complaint for lack of jurisdiction and the District Court for the District of New Jersey, upon the authority of the decision of this court in Drackett Co. v. Chamberlain Co., 3 Cir. 1936, 81 F.2d 866, entered the judgment of dismissal from which the appeal now before us was taken.

The facts which were involved in Drackett Co. v. Chamberlain Co. are indistinguishable in principle from the facts of the present case. In the Drackett Co. case we held that where a trade-mark had been refused registration at the instance of an opposer upon the ground that it was de-

scriptive of the goods upon which it was to be used, the Commissioner of Patents was an indispensable party to a suit brought by the applicant under § 4915, R.S., to compel the registration of the trade-mark. Since the Commissioner had not been made a party to the suit we affirmed the judgment of the District Court for the Western District of Pennsylvania dismissing the bill in equity which the plaintiff in that case had brought against the opposer alone.

Without attacking our ruling in the Drackett Co. case the plaintiff urges that § 4915, R.S., contemplates that it should be entitled in some court to review the action of the Commissioner of Patents in refusing to register its trade-mark but that nonetheless it has been denied such an opportunity by each of the two district courts having possible venue jurisdiction. We are in agreement with the plaintiff that it is entitled to such review. At the same time we are clear that under the rule laid down in the Drackett Co. case, to which we adhere, the review to which the plaintiff is entitled may not be had in the District of New Jersey. This is because the Commissioner of Patents, who is not subject to service in the District of New Jersey, is an indispensable party to a suit brought to compel him to register a trade-mark which he has refused to register because he has found it to be merely descriptive of the plaintiff's goods and, therefore, not registrable under the Trade-Mark Act.

We are equally clear that the present plaintiff is entitled to a review in the District Court for the District of Columbia of the action of the Commissioner of Patents in refusing registration of its trade-mark in spite of the decision of that court (since appealed) to the contrary. For the Court of Appeals for the District of Columbia has squarely held, in agreement with the view expressed by this court in the Drackett Co. case, that the Commissioner of Patents is an indispensable party to a suit brought under § 4915, R.S., to compel the registration of a trade-mark, the registration of which he has refused because it is descriptive of the applicant's goods or is deceptively similar to an opposer's mark. Tomlinson of High Point v. Coe, 1941, 74 App.D.C.

364, 123 F.2d 65. Moreover, that court has also held that under such circumstances the opposer, while a proper party and entitled to intervene if he so desires, is not an indispensable party and that the suit may, therefore, in the absence of the opposer proceed against the Commissioner of Patents alone. Barron-Gray Packing Co. v. Kingsland, 1948, 84 U.S.App.D.C. 28, 171 F.2d 576, certiorari denied Kingsland v. Barron-Gray Packing Co., 336 U.S. 944, 69 S.Ct. 810.

In Tomlinson of High Point v. Coe, 1941, 74 App.D.C. 364, 123 F.2d 60, the Court of Appeals for the District of Columbia distinguished cases of the kind now before us from Coe v. Hobart Mfg. Co., 1939, 70 App.D.C. 2, 102 F.2d 270, upon which the present defendant relied in support of its motion to dismiss the complaint in the District of Columbia. In the Hobart Mfg. Co. case the opposing party himself was a rival claimant for the patent involved in the litigation and was, therefore, an indispensable party to the suit under § 4915, R.S., since his rights in the patent involved · would necessarily be adjudicated in the suit. The Commissioner of Patents, on the other hand, is not an indispensable party in such an inter partes proceeding since he has approved the issuance of the patent or registration of the trade-mark as being in conformity with the statute so that the question of patentability or registrability is not in issue and the sole question involved in the litigation therefore is as to which of the parties in interference is entitled to it. See § 21 of the Trade-Mark Act of 1946, 15 U.S.C.A. § 1071.

Since in the case before us the present defendant, Botany Mills, Inc., makes no claim to the trade-mark "Lanolin Plus" or to any other mark with which it is alleged to interfere it is apparent that the case does not fall within the class just described in which it would be an indispensable party but rather into the category referred to earlier herein in which the Commissioner of Patents who has refused registration of the mark upon statutory grounds is a necessary party and the only indispensable one. Accordingly, although it obviously is not our function to review the decisions of the District Court for the District of Columbia, we feel assured that the Court of Appeals for the District of Columbia in disposing of the appeal now pending before it will afford to the plaintiff in conformity with its decisions to which we have referred the right to maintain its suit in the District of Columbia against the Commissioner of Patents even though the dismissal of that suit as against Botany Mills, Inc., the defendant in the case now before us, may be upheld.

The judgment of the district court will be affirmed.