**CLEVELAND HEATER CO. v. SAWYER et al.**

**Civ. No. 1345–52.**

United States District Court
District of Columbia.

June 10, 1952.

Lee L. Townshend, Washington, D. C., for plaintiff.

E. L. Reynolds, Solicitor, U. S. Patent Office, Washington, D. C., for defendants.

BASTIAN, District Judge.

Plaintiff applied for a patent in the United States Patent Office. The Patent Office instituted an interference proceeding (No. 84,270) between plaintiff and the defendant, McGraw Electric Company, who claimed priority to the same invention. There was a final ruling awarding priority of invention of the subject matter to the defendant, Electric Company, and thereupon plaintiff brought this action under Section 4915 of the Revised Statutes, 35 U.S.C.A. § 63, against the above named defendant, the Commissioner of Patents and the Secretary of Commerce. Secretary and Commissioner filed a motion to dismiss on the ground that the defendant, McGraw Electric Company, is not within the jurisdiction of the Court and that said defendant is an indispensable party. It is conceded that the defendant, Electric Company, is not within the District of Columbia.

The Commissioner relies on the cases of Coe v. Hobart Mfg. Co., 70 App.D.C. 2, 102 F.2d 270, 271, and J. C. Eno, U. S. Limited v. Coe, 70 App.D.C. 337, 106 F.2d 858. The facts in the Hobart case, which was decided in 1939, were substantially the same as in the present case, except that the motion to dismiss in the Hobart case was based on the ground that the Commissioner was not a proper party and that the opposer was not within the jurisdiction. The District Court overruled the motion. The Court of Appeals reversed this holding. The Court said:

"The Commissioner has not the slightest interest adverse to plaintiff; whether plaintiff or defendant gets a

patent, the Commissioner neither gains nor loses. 'To hold that the plaintiff by making a mere formal party a co-defendant can compel the real defendant, the real party in interest, to come from any part of the United States and defend his rights in the District of Columbia would conflict with the general purpose of Congress * * *.'"

The Eno case (1939) was a trade-mark case of the same general facts, except that the motion to dismiss there was based on the ground that the opposer, a non-resident, was an indispensable party who had not been served. The opinion in the Eno case cites the Hobart case, and was written by the same Judge (Edgerton) who wrote the opinion in that case.

Plaintiff here bases the opposition to the motion to dismiss mainly on the cases of Barron-Gray Packing Co. v. Kingsland, 84 U.S.App.D.C. 28, 171 F.2d 576, and Speed Products Co. v. Tinnerman Products, 83 U.S.App.D.C. 243, 171 F.2d 727. The facts in the Barron-Gray case, which was decided in 1948, are substantially as follows: Plaintiff sought to register certain trademarks. Opposer filed an opposition on the ground that the marks sought to be registered were confusingly similar to his marks. The opposition was sustained. Plaintiff then brought a 4915 action in this Court. The Commissioner moved to dismiss on the ground that the opposer was an indispensable party. That motion was sustained by the District Court. The Court of Appeals reversed the District Court's ruling, holding that the opposer in such a proceeding is a proper party but not an indispensable party. Judge Clark, who wrote the opinion, relied on the case of Tomlinson of High Point v. Coe, 74 App.D.C. 364, 123 F.2d 65, saying that the Tomlinson case was squarely on point.

The facts in the Tomlinson case (1941) are similar to the facts in the other cited cases, except that there the Commissioner *alone* was named as a party defendant in the 4915 proceeding. The Commissioner moved to dismiss the complaint on the ground that he was not a proper party to the suit. The Court of Appeals *expressly* limited its ruling to that question. It found that the Commissioner was a proper party, but gave no opinion of what the decision would have been if the motion had been one to dismiss on the grounds that an indispensable party had not been named.

The Court, in the Tomlinson case, did not overrule the Hobart case, upon which the movant herein relies, but, rather, distinguished it by saying that the question there was not whether the Commissioner was a proper party but whether he was an adverse party.

The Court also distinguished the Eno case by saying that the question there was not whether the Commissioner was a proper party but whether the rival claimant was an *indispensable* party.

The Commissioner, in his memorandum, notes that the cases relied upon by the plaintiff did not involve an interference proceeding nor the question of priority. From this, he argues that the Courts draw a distinction between cases involving priority and those involving merely the right of one party to registration. Cases on that point are as follows:

In the case of Drackett Co. v. Chamberlain Co., 3 Cir., 81 F.2d 866, 867, the appellant filed applications in the Patent Office for registration of two trade-marks. The applications were allowed. An opposition was filed and sustained on the ground that the marks were descriptive. Appellant filed a bill in the District Court to compel the Commissioner to issue certificates of registration. A motion to dismiss on the ground that the Commissioner had not been named a party was granted. The Court of Appeals, in sustaining the District Court, said:

"The appellee (opposer) * * * is not an adverse party within the meaning of section 4915, since there was no ruling that the trade-marks belonged to it."

The Court of Appeals interpreted this in the Hobart case, upon which movant herein relies. Referring to the Drackett case, the Court said:

"Those cases hold that when an interference proceeding is terminated without a decision concerning priority,

460

'the situation is the same as if there had been no interference proceeding' ".

The Courts make then a distinction between cases involving priority and cases involving the right of one party to registration.

Since the opposer, in a case involving the right of one party to registration, is not an adverse party, it would seem that the Commissioner is. See Lanolin Plus Cosmetics, Inc., v. Botany Mills, Inc., 3 Cir., 177 F.2d 757, at page 758, where the Court of Appeals of the Third Circuit said:

"* * * the Commissioner of Patents * * * is an indispensable party to a suit brought to compel him to register a trade-mark which he has refused to register because he has found it to be merely descriptive of the plaintiff's goods and, therefore, not registrable under the Trade-Mark Act."

It thus follows that where the Commissioner makes a ruling as to *priority*, the opposer is the adverse party and, hence, the indispensable party.

The motion to dismiss will be granted.