**BUNNY BEAR, Inc.**

v.

**DENNIS MITCHELL INDUSTRIES.**

Civ. A. No. 18630.

United States District Court
E. D. Pennsylvania.
April 3, 1956.

Albert H. Friedman, Philadelphia, Pa., and Ezekiel Wolf, Boston, Mass., for plaintiff.

Harry Langsam, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This matter comes before the court on a motion for summary judgment filed by the plaintiff corporation in a suit brought under 35 U.S.C. § 146[1] as a result of an interference proceeding in which the Commissioner of Patents (through his representative, Assistant Commissioner Daphne Leeds),[2] nullified the judgment of the Examiner that plaintiff was entitled to priority of registration by holding that plaintiff's mark, Toddler Traveler,[3] does not qualify as a trade mark.

Plaintiff seeks findings that it has continuously used its mark, Toddler Traveler, from a date prior to the use of defendant's mark, Tot Traveler, that its mark, Toddler Traveler, is a properly registerable trade mark, and that the Patent Office be authorized to issue a trade mark registration to plaintiff. The answer demands proof of the use of plaintiff's mark in interstate commerce and sets up defenses of laches, unclean hands in the inaccurate notation of plain-

---

1. 15 U.S.C.A. § 1071 permits any applicant for the registration of a trade mark or any party to an interference proceeding to "proceed under sections * * * 146 of Title 35, as in the case of applicants for patents, under the same conditions, rules, and procedures as are prescribed in the case of patent * * * proceedings so far as they are applicable * * *." A suit brought in a U. S. District Court under 35 U.S.C. § 146 is an action to invalidate the decision of the Commissioner and to secure for the plaintiff the rights given by the Commissioner to the defendant. See Heston v. Kuhlke, D.C. Ohio 1949, 81 F.Supp. 913, affirmed 6 Cir., 1950, 179 F.2d 222; Central Ry. Sig-

nal Co. v. Jackson, D.C.E.D.Pa.1918, 254 F. 103.

2. The broad powers of the Commissioner of Patents in an interference proceeding are set out in 15 U.S.C.A. § 1068. 15 U.S.C.A. § 1069 provides that equitable principles of laches, estoppel and acquiescence may be considered. 15 U.S.C. A. § 1070 authorizes an appeal to the Commissioner from any final decision of the examiner in an interference proceeding.

3. This mark has been applied to an auto seat for a child of one to four years. See page 3 of deposition of Eliot S. Mover, taken 10/20/52.

tiff's mark as registered, and an attempt to register a mark partially.[4]

██ An action such as this is heard de novo before the court. Every issue as to the registerability of the proposed trade mark must be proved by the evidence previously offered in the administrative proceedings [5] and by any new evidence which is produced. See Century Distilling Co. v. Continental Distilling Co., 3 Cir., 1939, 106 F.2d 486, 491, certiorari denied 1940, 309 U.S. 662, 60 S.Ct. 581, 84 L.Ed. 1010; Consolidated Cosmetics v. Neilson Chemical Co., D.C.D. Mich.1952, 109 F.Supp. 300; Mont-O-Min Sales Corp. v. Wyeth, Inc., D.C.D. Mo.1950, 92 F.Supp. 150, 153.[6]

██ The court has a duty to consider registerability of the trade mark generally and not to confine its attention to priority only. Quaker Oats Co. v. General Mills, D.C.D.Ill.1942, 45 F.Supp. 462, affirmed 7 Cir., 1943, 134 F.2d 429.

██ In the light of these established legal principles governing this action, the record [7] is inadequate to support summary judgment on at least two issues [8] which affect the general registerability of the mark.[9]

**I.** *Plaintiff's inaccurate representation that its mark was registered.*

██ The record discloses that from the time plaintiff first used the mark Toddler Traveler (see Exhibit 1) until this suit was instituted, plaintiff has inaccurately indicated that this mark was registered [10] on the large instruction sheet enclosed with each of the car seats sold by placing a star after the mark and

4. Defendant claims that the mark as used has been Bunny Bear Toddler Traveler and sets up a Fourth Affirmative Defense which it is not necessary to discuss for disposition of this motion.

5. 35 U.S.C. § 146 provides:

"In such suits the record in the Patent Office shall be admitted on motion of either party upon the terms and conditions as to costs, expenses, and the further cross-examination of the witnesses as the court imposes, without prejudice to the right of the parties to take further testimony. The testimony and exhibits of the record in the Patent Office when admitted shall have the same effect as if originally taken and produced in the suit."

To the extent that the plaintiff wishes to set aside the findings of the Board of Appeals, it has been said that his burden is not to be sustained by a mere preponderance of the evidence. See Century Distilling Co. v. Continental Distilling Co., 3 Cir., 1939, 106 F.2d 486, 489, certiorari denied 1940, 309 U.S. 662, 60 S.Ct. 581, 84 L.Ed. 1010; Pintarelli v. Brogan, D.C.D.R.I.1946, 65 F.Supp. 281.

6. Compare the language in such patent cases as Minnesota Mining & Mfg. Co. v. Carborundum Co., 3 Cir., 1946, 155 F.2d 746, and Etten v. Lovell Manufacturing Company, 3 Cir., 1955, 225 F.2d 844, 848, which are applicable to this suit under 35 U.S.C. § 146.

7. The record before the court consists of affidavits, admissions in the pleadings, depositions, and exhibits.

8. Laches is among the other issues raised by defendant which he should have an opportunity to support. Defendant applied for registration of its mark (Tot Traveler) on April 23, 1948, and registration was granted October 4, 1949. Plaintiff did not apply for registration of its mark until July 22, 1950. In view of the publication given to the application for registration in 1948, it cannot be said as a matter of law that plaintiff's delay of two years in applying for registration in July 1950 is insufficient, under all circumstances, to constitute laches. See Old Lexington Club Distillery Co. v. Kentucky Distilleries & Warehouse Co., D.C.N.J.1916, 234 F. 464, 469, affirmed 3 Cir., 1918, 247 F. 1005; Willson v. Graphol Products Co., Inc., 1951, 188 F.2d 498, 38 C.C.P.A., Patents, 1030. In this connection, 15 U.S.C.A. § 1072 provides that registration of a mark under the provisions of 15 U.S.C.A. § 1051 shall be constructive notice of the registrant's claim of ownership. See General Electric Co. v. Schwartz, D.C.S.D. N.Y.1951, 99 F.Supp. 365.

9. No summary judgment can be granted where there are issues of fact created by the pleadings. See Fairbanks, Morse & Co. v. Consolidated Fisheries Co., ? Cir., 1951, 190 F.2d 817, 824. See also cases cited below at page 5.

10. See Exhibits 1 and 61 and page 7 of deposition of Eliot S. Mover referred to in footnote 3.

another star at the bottom of the sheet followed by the letters "Reg." Similar misrepresentation has been held to prevent the registration of a trade mark. See Four Roses Products Co. v. Small Grain Distilling & Drug Co., 1928, 58 App.D.C. 299, 29 F.2d 959, and cases there cited.[11] Plaintiff attempts to justify its conduct by saying this use of the word "Reg." was "inadvertent, * * * due entirely to a mistake of law * * * in the full belief that the term * * * was in fact registered and plaintiff had a perfect right to use such indication; that plaintiff never had any intention of deceiving the public * * *."[12] Such conclusions in an affidavit are not a sufficiently clear explanation of its conduct in this regard to justify a decision in its favor on this issue on a motion for summary judgment.[9]

## II. Use of the mark in commerce.

██ In paragraph 3 of the answer, defendant states that it is without knowledge that plaintiff has used this mark in commerce, as alleged in the complaint,[13] and such use is essential to registration of the trade mark. 15 U.S.C.A. § 1051. Under the rule adopted in this Circuit, summary judgment cannot be granted in the face of a denial in the pleadings on the basis of affidavits. See Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 1948, 169 F.2d 580; Reynolds Metals Co. v. Metals Disintegrating Co., 3 Cir., 1949, 176 F.2d 90; Levy v. Equitable Life Assurance Soc., D.C.E.D.Pa.1955, 18 F.R.D. 164, opinion by Grim, J.

It is suggested that this case be ordered down on the trial list promptly and it can be submitted to the court on the basis of depositions and a stipulation, if this is the wish of both parties.

---

9. No summary judgment can be granted where there are issues of fact created by the pleadings. See Fairbanks, Morse & Co. v. Consolidated Fisheries Co., 3 Cir., 1951, 190 F.2d 817, 824. See also cases cited below at page 5.

11. See Nims on Unfair Competition and Trade Marks, Vol. 2, § 403, pp. 1254–6.

12. See affidavit filed 3/20/56. Plaintiff 

also states that it no longer uses this word "Reg." as applied to the mark, but does not state when it discontinued such use.

13. Under the second sentence of F.R.Civ. P. 8(b), 28 U.S.C., defendant's language will be construed as a denial, although it would be preferable if it used the language of the rule.